UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SERENA TURNER, o/b/o A.W.,

                              Plaintiff,

       v.                                              **DECISION AND ORDER**
                                                       11-CV-953S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

       1.     *Pro se* Plaintiff, Serena Turner, on behalf of her infant son, A.W., challenges

an Administrative Law Judge's ("ALJ") determination that A.W. is not disabled within the

meaning of the Social Security Act ("the Act").[1] Turner alleges that her son has been

disabled since his birth, on November 3, 2008, from complications relating to HIV, learning

disabilities, and behavior and speech problems.

       2.     Turner filed an application for Supplemental Security Income benefits on

November 21, 2008. The Commissioner of Social Security ("Commissioner") denied her

application, and as result, she requested an administrative hearing. She received that

hearing before ALJ William M. Weir on November 24, 2010. The ALJ considered the case

*de novo*, and on March 25, 2011, issued a decision denying Turner's application for

benefits. Turner filed a request for review with the Appeals Council, but the Council denied

_____

       [1]Although *pro se* means to appear for one's self, and a person may not appear on another's
behalf in the other's cause, Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998), parents of children
seeking Supplemental Security Income have a sufficient interest in the matter and  may bring an action in
federal court on that child's behalf,  Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).

that request, prompting her to file the current civil action on November 7, 2011, challenging Defendant's final decision.[2]

3.     On July 17, 2012, the Commissioner filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. After this Court instructed her to respond to the Commissioner's motion, Turner filed a one-paragraph response. The Commissioner did not reply. Despite its brevity, this Court finds that Turner raises an issue warranting remand.

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.     To determine whether an individual under the age of 18 is disabled, the ALJ must follow a three-step inquiry. First, the ALJ must determine whether the claimant is engaged in any substantial gainful activity. 20 C.F.R. § 416.924(b). If the minor is not engaged in substantial gainful activity, the analysis proceeds to the second step, in which

---

[2]The ALJ's November 24, 2010 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

the ALJ determines if the minor has a "severe" impairment. 20 C.F.R. § 416.924(c). A minor's impairment is not "severe" if it is only a slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations. If a minor does not have a "severe" impairment, then he is not disabled. Id.

6.      If the ALJ finds that the minor does have a severe impairment, he proceeds to the final step of his evaluation, in which he determines if the minor's impairment meets or medically equals the criteria of any impairment listed in Appendix 1 of the Regulations. 20 C.F.R. § 416.925. If the minor's impairment meets or medically equals the criteria of a listed impairment, then he is disabled. 20 C.F.R. § 416.924(d). If not, the ALJ will assess the functional limitations caused by the minor's impairment to determine whether his impairment is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(a). The ALJ assesses the minor's functioning in six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i-vi). The minor's performance in these domains is compared to the performance of other children his age who are not impaired. 20 C.F.R. § 416.926a(b).

7.      If, after making this assessment, the ALJ finds that the minor's impairment has caused either a "marked" limitation in two domains or an "extreme" limitation in one domain, then the minor will be considered disabled. 20 C.F.R. § 416.926a(d); Gonzalez v. Astrue, No 10 CIV. 3667 DAB JLC, 2011 WL 4024707, at *4 (S.D.N.Y. Sept. 12, 2011) (Report and Recommendation), adopted, 2012 WL 3835522.

8.      In this case, the ALJ found that A.W., only two years old at the time of the hearing, had not engaged in a gainful activity. Moving to the next step, he found that A.W. had two severe impairments: speech and developmental delays. The ALJ found, however,

3

that of the six domains, A.W. exhibited a marked limitation in only one: interacting and relating with others. ALJ Weir found that A.W. exhibited either no limitation or a "less than marked limitation" in the other five.

9.      Although brief, Turner's response to the Commissioner's motion for judgment on the pleadings points to a Wechsler Preschool and Primary Scale of Intelligence-III IQ test taken in May of 2011. According to Turner, A.W. scored a full scale IQ score of 76, with a performance score of 78 and a verbal score 81. Although the test was taken well after the ALJ denied her application and after the Appeals Council denied her request for review, Turner is not necessarily foreclosed from presenting it at this time.

10.     The Act provides that a court may order the Secretary to consider new evidence even if raised for the first time in federal court, but only upon a showing that it is "material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Thus, an appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." Tirado v. Bowen, 842 F.2d 595, 597-98 (2d Cir. 1988) (internal citations and quotation marks omitted). Further, the claimant must show good cause for her failure to present the evidence earlier. Id.

11.     This Court finds that the new IQ scores meet these three criteria. The first and third criteria are easily met. At the time the ALJ rendered his decision, no IQ score for A.W. existed. There was in fact, a dearth of evidence of his cognitive abilities. (See R. 24.) Good cause is shown for the same reason: Turner could not have presented the results of the IQ score to the Commissioner because the test had not been conducted yet. See Carballo ex rel. Cortes v. Apfel, 34 F. Supp. 2d 208, 223 (S.D.N.Y. 1999) ("[S]ince much of the evidence did not exist during the administrative proceedings, there was just cause

for not presenting it.").

12.     The second criterion, though a closer call, is also met. First, it is no impediment to Turner's claim that this test was conducted after A.W.'s disability application. IQ scores are presumed to be stable throughout one's life. See e.g., MacMillan v. Astrue, 1:07-CV-0959 LEK/VEB, 2009 WL 4807311 (N.D.N.Y. Dec. 7, 2009) (collecting cases).

Second, these scores place A.W. at a borderline-functioning level. An IQ of this score can be grounds for a finding that the claimant suffers from a marked limitation. See, e.g., Pimentel v. Barnhart, No. 04 CIV. 3769 (HBP), 2006 WL 2013015, at *11 (S.D.N.Y. July 19, 2006) (citing Cruz ex rel. Vega v. Barnhart, No. 04 CIV.9794(DLC), 2005 WL 2010152 (S.D.N.Y. Aug. 23, 2005)) (full-scale IQ scores of 71 and 78).

Third, the materiality of this evidence is amplified by the absence of other evidence relating to A.W.'s cognition.  Throughout his decision, the ALJ notes that while a cognitive examination had been scheduled, none had yet taken place at the time of the hearing. (See R. 24, 25.) With this evaluation, ALJ Weir will have a fuller picture of A.W.'s intellectual abilities.

Finally, remand is warranted because the ALJ already found a marked limitation with respect to the "interacting-and-relating-to-others" domain." (R. 25.) Accordingly, if the ALJ were to determine that these relatively low IQ scores signify a marked limitation in one of the other five domains, the ALJ would be required to find A.W. to be disabled. See 20 C.F.R. § 416.926a(d). There is thus "a 'reasonable possibility' that, had this evidence been . . . considered, the ALJ would have reached a different determination." Thibodeau v. Comm'r of Soc. Sec., 339 F. App'x 62, 64 (2d Cir. 2009).

In sum, this matter is remanded to the Commissioner for consideration of A.W.'s May 2011 IQ scores. The ALJ must consider and explore the circumstances of these IQ

scores.  And he must determine whether the scores render A.W.'s limitations marked in either the "acquiring-or-using-information" or "attending-and-completing-tasks" domains. The ALJ ought to also consider whether his cognitive limitation renders him disabled under Listings 102.10, 112.02, and 112.12 in light of the new evidence.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that this case is remanded to the Commissioner of Social Security for proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated:  March 29, 2013
        Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court